DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On August 10, 2000, the Summit County Court of Common Pleas found appellant, Tara R. Cash ("Cash"), guilty of having weapons while under disability, a violation of R.C. 2923.13(A)(2). Cash appeals her conviction. We affirm.
 I.
Pursuant to a search warrant, officers of the Akron Police Department searched Cash's home on April 11, 2000. During the search, Officer Hooper found a gun inside a dresser drawer located in a bedroom on the second floor of the house. Cash was indicted on April 25, 2000, for having a weapon while under disability.
Cash plead not guilty and her jury trial began on July 31, 2000. The State's witnesses included three officers and a firearms examiner from the Bureau of Criminal Investigation ("BCI"). The defense witnesses included Cash and her daughter's boyfriend. The jury found Cash guilty of the charge and the trial court sentenced Cash to twelve months in prison.
Cash timely appeals to this court.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S SUPPRESSION MOTION BASED ON THE INSUFFICIENCY OF PROBABLE CAUSE TO SUPPORT THE SEARCH WARRANT.
In her first assignment of error, Cash argues that the trial court erred in failing to grant her motion to suppress. Cash asserts that Officer Hooper's affidavit does not contain a description of illegal contraband or evidence of criminal conduct and therefore lacked probable cause sufficient for a search warrant. We disagree.
In addressing the substance of Cash's first assignment of error, we begin with Crim.R. 41, which governs the issuance and execution of search warrants in Ohio. Subsection (C) of the rule reads, in pertinent part:
 A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.
Crim.R. 41(C). "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, quoting Illinois v. Gates (1983), 462 U.S. 213, 238-239,76 L.Ed.2d 527, 548.
Although the standard to be applied by the magistrate reviewing the search warrant application is probable cause, reviewing courts are to give great deference to a magistrate's determination as to the existence of probable cause. See George, 45 Ohio St.3d at paragraph two of the syllabus. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed," and a doubtful or marginal case should be resolved in favor of upholding the validity of the warrant and allowing the fruits of the search to be admitted into evidence. Id.
In the present case, Officer Hooper's affidavit for the search warrant states in relevant part:
 P. Hooper * * * says that he believes and has good cause to believe that firearms or weapons, to-wit: Gang-related items and paraphernalia, to-wit: "Lit" books, clothing bearing gang insignia and symbols, graffiti, address books documenting associates, drawings, artwork, correspondence, photos, homemade videotapes, and any other gang-related items displaying affiliation to the 9 Kings, Baby 9 Kings, Kaika Klan Outlaws, Whitney Strip, Bloods, and any rival gang, is being illegally possessed within 1303 Fifth Ave., Akron, Summit County, Ohio * * *.
Cash argues that "[n]one of the items listed herein are criminal or even evidence of criminal conduct." In response, the state argues that it is first necessary to prove the existence of a gang before proving that a person violated R.C. 2923.42, participating in a criminal gang. Officer Hooper's affidavit listed gang-related items that would establish the existence of the gang.
After reviewing the record, we find that the magistrate had a substantial basis for concluding that probable cause existed. Officer Hooper's affidavit states that as a member of the Street Crime/Gang Unit of the Akron Police Department he has investigated members of the Kaika Klan Outlaws. He states that members of this gang "have prior felony convictions for drugs, violence and gun related charges." Cash's house is the primary residence for Cash, Jonte Johnson and Edmaurice Ivory. Johnson is Cash's son. Johnson and Ivory are known members of this gang. Officer Hooper states
 [d]uring several hours of varied surveillance on the address, [he] and other members of the Gang Unit, as well as Patrol, have determined that there is heavy foot and vehicle traffic to and from this location and that several persons have been arrested for possession of crack cocaine and other illegal narcotics.
Having found that the magistrate had a substantial basis for concluding that probable cause existed we find that the trial court did not err in denying Cash's motion to suppress evidence found pursuant to the search warrant. Cash's first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE JURY'S FINDING OF GUILT ON THE CHARGE OF HAVING WEAPONS WHILE UNDER DISABILITY WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
In her second assignment of error, Cash argues that the verdict was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2923.13(A)(2) states:
 Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
* * *
 (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.
At trial, the State presented testimony from three officers. Officer Hooper testified that he executed the search warrant at Cash's house on April 11, 2000, around 12:30 in the afternoon. He stated that no one responded to his knock at the door and therefore the police forcibly entered the premises. During the search he found .38 caliber revolver underneath some women's underwear in a dresser drawer. The dresser was located in a second floor bedroom. Officer Hooper also testified that he found letters addressed to Cash in another drawer of the same dresser. The bedroom that contained the dresser contained a baby's crib and several boxes. At some point during the search, Cash returned home and was informed that a search was being conducted in her house.
Officer Givens testified about a phone conversation he had with Cash approximately one week after the search of her house. He stated that Cash called the police station to inquire about getting the items returned that were taken during the search. In the course of the conversation, Officer Givens stated that Cash twice referred to the gun as "her gun."
Officer Woodall testified that he had arrested Cash in 1991. She pled guilty to aggravated assault, a fourth degree felony and improper discharge of a weapon at or into a habitat. The state's final witness was a firearms examiner from BCI. He testified that he conducted an examination of the gun found during the search of Cash's home and in his opinion it was operable.
The first witness for the defense was Joseph Barnhart ("Barnhart"). Barnhart has been dating Cash's daughter for seven years and is the father of Cash's grandchild. Barnhart testified that he lived at Cash's house with her daughter in the summer of 1999. He stated that the dresser in the second floor bedroom belonged to him and Cash's daughter. They left the dresser and the baby's things behind when they moved out. They intended to return for the furniture after buying a house that had more space.
Barnhart testified that he owned the weapon found in the dresser. He purchased it for protection after his girlfriend had been threatened. He stated that the weapon was left in the dresser drawer along with their clothing when they moved out. On cross-examination he admitted that this was the first time that he had acknowledged ownership of the gun. He did not call the police station to claim his weapon after learning that it had been taken during the search.
Upon a careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Cash of having a weapon while under disability. Cash's second assignment of error is overruled.
 IV.
Having overruled both assignments of error we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., SLABY, J., CONCUR.